Walker *v.* Sanborn.

## WALKER *vs.* SANBORN.

The question of the recommitment of a report of referees appointed under a rule of court, is addressed to the discretion of the court; whose decision, therefore, is not the subject of a bill of exceptions.

Such also, it seems, is the question whether a report shall be accepted or not, on a hearing of objections founded on extraneous facts, relating to the course of proceedings before referees, where there is no proof of fraud, partiality or corruption.

Where a party defendant, having a good defence at law, agreed to submit the action to the determination of referees, in the usual form ; he was considered, in the absence of all evidence to the contrary, as referring all questions, as well of law as of fact, to their judgment. If therefore their decision be against him, it is no ground for the rejection of the award that it is against law.

This Court has no authority to recommit a report of referees which had been returned to the court below, and there accepted ; the case being brought up by exceptions to that decision.

THIS action, which was *assumpsit,* for the price of a canal boat, was submitted to referees in the court below, under a rule in the common form. Their report, which was in favor of the plaintiff, being offered for acceptance, the defendant urged these objections, which he offered to substantiate by the testimony of one or more of the referees :—1st. That it appeared in evidence, at the hearing before them, that a credit of two years was agreed by the parties at the time of sale, for payment of the price of the boat; yet that the action was commenced within four months after the making of this agreement :—2d. That it was proved before the referees that the price of the boat was to have been paid in freighting wood and lumber ; which had never been demanded by the plaintiff, or refused by the defendant. But there being no suggestion of corruption on the part of the referees, or that they intended to proceed according to law, but had mistaken the law, *Whitman, C. J.* rejected the evidence offered, and accepted the report ; to which the defendant filed exceptions.

*R. A. L. Codman,* in support of the exceptions, took a distinction between awards under a submission by bond, at common law,

and those of referees appointed under a rule of court; insisting that in the latter case the award was open to a much greater latitude of objection; and that it ought to be rejected or recommitted for the same causes for which a new trial would be granted. *Dillingham v. Snow,* 5 *Mass.* 553; *Hammond v. Wadham, ib.* 353; *Wait v. McNeil,* 7 *Mass.* 261; *Pierce v. Adams,* 8 *Mass.* 383; *Whitwell v. Atkinson,* 6 *Mass.* 272; *Boardman v. England, ib.* 70; *North Yarmouth v. Cumberland,* 6 *Greenl.* 21; *Bean v. Farnham,* 6 *Pick.* 269. For this purpose even formal objections have been suffered to prevail; as in *Drew v. Canady,* 1 *Mass.* 158. The award is not conclusive on the ground that both law and fact were submitted to the referees, unless it so appears in the submission itself. *Jones v. The Boston mill corporation,* 6 *Pick.* 148.

But, if the exceptions should be overruled, the defendant prayed to be heard on a motion to recommit the report.

*S. Fessenden, Deblois* and *W. P. Fessenden,* for the plaintiff, cited *Kyd on Awards,* 185, 351; *Shephard v. Watrous,* 3 *Caines,* 168; *Bailey v. Lechmere,* 1 *Esp.* 377; *Caldw. on Arbitr.* 53; 1 *Taunt.* 48; *Knox v. Simonds,* 1 *Ves.* 369; 8 *Mass.* 408; *Hawkins v. Colclough,* 1 *Burr.* 277; *Purdy v. Delavan,* 1 *Caines,* 315; *Kleine v. Catara,* 2 *Gall.* 61; *Chase v. Westman,* 13 *East.* 358.

Mellen C. J. delivered the opinion of the Court at the adjournment in *August* following.

In the case of *Cumberland v. North Yarmouth,* judgment was arrested on the ground that after the report was recommitted, it did not appear that *Elden,* one of the referees, ever attended with the other two, and that he did not sign the second report was apparent on the record. The question there presented was purely a question of law. In the case before us, there was an objection to the acceptance of the report, which was predicated on facts, not appearing on the record, but which the counsel for the defendant offered to prove; and, which, in the decision of the question before us, we must consider in the same manner as though they had been proved. It is urged that the rejected evidence should have been admitted, as it

37

might have induced the Judge to recommit the report, if not reject it. The question of recommitment is one of discretion and not of law, and, of course, not subject to the revision of this court on exceptions alleged; and we are inclined to the opinion that the question, whether a report shall be accepted or not accepted, on a hearing of objections, founded on extraneous facts, relating to the course of proceeding before the referees, where there is no proof of fraud, partiality or corruption on their part, is one of the same nature; but on this point, we do not mean to be understood as giving any definite opinion, as it does not appear to be necessary. We place our decision on another ground, distinct in its nature. The defendant, when he was sued, knew that, by his agreement with the plaintiff, a credit of two years was allowed to him on the sale of the boat; and that the price was to be paid in freighting wood and lumber. He knew also that within four months after the agreement he was sued for the price, in cash. He knew also, or is presumed to have known, that these facts would furnish a good defence at law. Still he consented to submit the decision of the cause to referees in the usual form; and, by so doing, we think that, in the absence of all language to the contrary, he must be considered as intending to refer, and as refering all questions of law and fact to their judgment. The nature of such an equitable and informal tribunal is universally known to the citizens of this State, and so is the mode of its proceeding in the administration of justice between man and man; and the parties in such cases expressly agree that the report of this tribunal, being duly accepted by the court, to which by law it is returnable, shall be final. Fraud never need be excepted in a contract, to save the contractors from the effect of it; the law always excepts it, as a poison which contaminates what it touches. Fraud, therefore, on the part of him in whose favor a report is made, as well as partiality and corruption in the referees or any of them, may always be legally proved to impeach the report. Had it not been the intention of the parties in the present case to refer the whole cause, including all questions of law as well as fact arising in its investigation, would they not have used some words of exception or limita-

Walker *v.* Sanborn.

tion? Parties may, and frequently do, refer causes with a proviso that the referees shall, in their decision, be governed by legal principles. So they may refer questions of title under a rule of court; they may impose terms and conditions, or refer generally. On the whole we think that as the cause was referred in the usual form, without any proviso limiting the well known and customary powers of referees, the defendant must be considered as having elected his tribunal for the very purpose of having the cause honestly and impartially decided on its merits; and according to those principles which that tribunal should consider reasonable and just. *Kleine v. Catara*, 2 *Gall.* 61. For the foregoing reasons, as there is no imputation of fraud, partiality, corruption or management in any one, we cannot sustain the exceptions. In many cases it may be proper to correct mere mistakes or prevent injustice by giving a further hearing of the parties, where new proof has been obtained, or fair notice as to the time and place of trial had not been given and received; but in all these cases the relief is granted by a recommitment of the report. Still, the grant or refusal of a recommitment, is a matter of judicial discretion, and can never be the subject of exception under the statute. In the present case this court has no authority to recommit the report, even if we had any inclination so to do.

*Exceptions overruled and the judgment affirmed.*